**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WANDA P.[1]                                                   Case No. 1:21-cv-07

          Plaintiff,                                     McFarland, J.

v.                                                              Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

          Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff filed this Social Security appeal in order to challenge the Defendant's determination that he is not disabled. Proceeding through counsel, Plaintiff presents five claims of error, all of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be REVERSED and REMANDED, because it is not supported by substantial evidence in the administrative record.

**I.**       **Summary of Administrative Record**

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on May 18, 2018, alleging disability as of January 2018. (Tr. 258-64, 265-72, 288). The Administration denied Plaintiff's claim initially and upon reconsideration. A video hearing was held on January 16, 2020, at which Plaintiff and a vocational expert testified. Shortly after, the ALJ issued a decision, denying Plaintiff's applications. (Tr. 12-33). Plaintiff now seeks judicial review of the denial of her application for benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

Plaintiff was born in 1970 and was 47 years old on her alleged onset date of disability. She is originally from Puerto Rico and is unable to communicate in English. She has past relevant work as a housekeeper and collections clerk.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "cervical cancer in remission; peripheral neuropathy; rheumatoid arthritis; osteoarthritis; fibromyalgia; degenerative disc disease of the lumbar spine; degenerative joint disease of the bilateral knees; and obesity." (Tr. 21). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform sedentary work subject to the following limitations:

> She can never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, knee, crouch, and crawl. She must avoid concentrative used of hazardous moving machinery and all exposure to unprotected heights. She can perform jobs that could be performed while using a handheld assistive device required for uneven terrain or while ambulating.

(Tr. 23). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education and work experience, and the RFC, the ALJ concluded that Plaintiff could perform a significant number of unskilled jobs in the regional and national economy, including such jobs as office helper, information clerk, and parking lot attendant. (Tr. 28). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) finding that Plaintiff was illiterate but not including

illiteracy in his hypothetical question to the vocational expert, (2) failing to find additional severe impairments at step-two of the sequential analysis (3) improperly evaluating Plaintiff's RFC; (4) improperly evaluating Plaintiff's subjective complaints; and (5) failing to include all of Plaintiff's limitations in his hypothetical question to the vocational expert. Upon close analysis, I conclude that Plaintiff's first assignment of error is well-taken and dispositive. Accordingly, this matter should be remanded for further fact finding.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an

4

impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is not supported by Substantial Evidence

Plaintiff argues that the ALJ's step-five finding is not supported by substantial evidence because the ALJ's hypothetical question to the vocational expert failed to include Plaintiff's illiteracy and inability to communicate in English. The undersigned agrees.

Under the fifth and final step of the sequential evaluation process used to evaluate disability claims, an individual is not disabled if she can adjust to other work that exists in significant numbers "in the national economy (either in the region where you live or in several regions in the country)" 20 C.F.R. § 404.1520(h); 20 C.F.R. § 404.1560(c). Here, the ALJ found that Plaintiff was not disabled at step five because she could adjust to performing thousands of occupations that existed in the national economy (Tr. 27-28). In response to the ALJ's hypothetical, the vocational expert (VE) identified more than 226,000 occupations that Plaintiff could perform, despite the specified limitations (Tr. 64-67). *See Templeton v. Comm'r of Soc. Sec.*, 215 F. App'x 458, 462-63 (6th Cir. 2007) (finding that 30,000 jobs in the national economy qualifies as significant); *Taskila v. Comm'r of Soc. Sec.,* 819 F.3d 902, 905 (6th Cir. 2016) (finding only 6,000 jobs nationwide "fits comfortably within what this court and others have deemed 'significant.'") (citations omitted). Those occupations were office helper (Dictionary of Occupations Titles (DOT) 239.567-010), information clerk (DOT 237.367-018), and parking lot attendant (DOT 915.473-010) (Id.).

The Commissioner contends that the ALJ properly relied on the vocational expert's testimony at Step-five and that Plaintiff misconstrues the hearing record. In this regard, the Commissioner noted that Plaintiff testified at the hearing with use of a Spanish interpreter (Tr. 37-38). She testified that she could not speak or understand English and that Spanish was her preferred language. (Tr. 37, 41). As such, the Commissioner asserts that VE was clearly aware of Plaintiff's inability to communicate in English. *See Vance v. Comm'r of Soc. Sec.*, No. 3:11-cv-172 , 2012 WL 1931863, at *11 (S.D. Ohio May 29, 2012) (holding that because the VE had knowledge of the claimant, any error by the ALJ in failing to include Plaintiff's age, education, or work experience in his hypothetical question was harmless); *see also Chandler v. Sec'y of HHS*, 42 F.3d 1388, 1388 (6th Cir. 1994) ("[A]lthough the question made no specific reference to Chandler's borderline IQ, reading disorder, or illiteracy, the vocational expert was aware of these conditions due to Chandler's own testimony."). Such assertions are unavailing.

As noted above, the ALJ found that Plaintiff "is not able to communicate in English and is considered in the same way as an individual who is illiterate in English." (Tr. 27). However, despite this explicit finding, the ALJ failed to any include limitations relating to Plaintiff's illiteracy in his RFC assessment or in his hypothetical question to the vocational expert. The ALJ's RFC assessment stated *in toto*:

> She can never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, knee, crouch, and crawl. She must avoid concentrative used of hazardous moving machinery and all exposure to unprotected heights. She can perform jobs that could be performed while using a handheld assistive device required for uneven terrain or while ambulating.
>
> (Tr. 23).

6

Notably, in *Vance* and *Chandler*, cited by the Commissioner, the ALJ's RFC assessments included limitations related to Plaintiff's intellectual limitations. See *Vance*, No. 3:11-CV-172, 2012 WL 1931863, at *5 (limited Plaintiff to routine, repetitive tasks that are performed in a low stress setting; no production rate pace demands or production quotas; no interaction with the public and only superficial interaction with coworkers); *Chandler*, 42 F.3d 1388 at *3 (limited Plaintiff to simple, repetitive, low-stress work). Such was not the case here.

It is well-established that in order to conduct a meaningful review, the ALJ must make it sufficiently clear in his or her decision the reasons for the determination. *See Reynolds v. Comm'r of Soc. Sec.,* 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment"). Here, despite finding that Plaintiff was illiterate, the ALJ failed to include any limitations related to Plaintiff's

7

illiteracy. The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision.

Accordingly, the undersigned finds that the ALJ's failure to include any limitations relating to Plaintiff's illiteracy in his hypothetical question to the VE was in error. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789 (6th Cir. 2009) (ALJ erred in relying on answer to hypothetical question because it simply restated [RFC], which did not accurately portray claimant's physical and mental impairments). Because the ALJ's hypothetical question failed to accurately portray plaintiff's functional impairments, the VE's testimony in response thereto does not constitute substantial evidence that plaintiff could perform the jobs identified by the VE. See *Chasidy M. v. Comm'r of Soc. Sec.*, No. 2:21-CV-4679, 2022 WL 2712216, at *10 (S.D. Ohio July 13, 2022).

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs*., 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does

8

the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. Id. at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT:** the decision of the Commissioner to deny Plaintiff benefits is **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this opinion. As no further matters remain pending for the Court's review, this case is **CLOSED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| WANDA P. | Case No. 1:21-cv-07 |
|       Plaintiff, | McFarland, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
|       Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).